IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN BARBER                                                                                        PLAINTIFF
ADC #093799

v.                                              4:20CV00051-BRW-JJV

JEFFREY STIEVE, *et al*.                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

John Barber ("Plaintiff"), an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs while at the Wrightsville Unit. (Doc. Nos. 2, 22.)

Specifically, he alleged he was not receiving proper care for his Hepatitis-C. Plaintiff sued Doctors Jeffrey Stieve, Rory Griffin, Melanie Jones, and Maria Lane, along with George Wilson, Medical Services Administration, and Vesta Blanks, Health Services Administration; he sued all Defendants in their personal and official capacities. (Doc. No. 22 at 2-3.) Plaintiff seeks injunctive relief and damages. (*Id*. at 13.)

Plaintiff's claims against Defendants Griffin, Wilson, Blanks, and Lane have been dismissed. (Doc. Nos. 64, 66.) Only Plaintiff's claims against Defendants Stieve and Jones remain pending.

Defendants Stieve and Jones (collectively "Defendants") have now filed a Motion for Summary Judgment. (Doc. Nos. 95-97.) Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for Summary Judgment should be GRANTED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. The prohibition on cruel and unusual punishment gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A medical need is objectively serious if it has been 'diagnosed by a physician as requiring treatment' or if it is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal citations omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate

indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009).

I note at the outset that Plaintiff has not filed a response to Defendants' Motion. Plaintiff has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 96) are deemed admitted. Local Rule 56.1(c) of the Eastern and Western Districts of Arkansas; FED. R. CIV. P. 56(e).

### A. Plaintiff's Claim For Injunctive Relief Is Moot

Defendants argue Plaintiff's claims for injunctive relief are moot. (Doc. No. 96-97.) I agree. Plaintiff asked the Court for injunctive relief in the form of an order directing Defendants to treat his Hepatitis-C with anti-viral drugs and "enjoin[ing] Defendants from requiring an endoscopy of any other further testing prior to initial life saving direct acting antiviral medications." (Doc. No. 22 at 13.) Plaintiff has been receiving anti-viral medication since March 5, 2021. (Doc. No. 96 at 4, ¶ 30; Doc. No. 96-3 at 3-4; Doc. No. 96-1 at 6.) Plaintiff does not contest this fact. Accordingly, Plaintiff's request for injunctive relief is moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); Doc. No. 96-2 at 73:6-19.

### B. Plaintiff Cannot Establish Deliberate Indifference or Harm

Defendants also argue Plaintiff cannot establish deliberate indifference or harm. The crux of Plaintiff's case is not that he received no care, but that he did not receive antiviral medication when he thought he should.

It is undisputed that Plaintiff was diagnosed with Hepatitis C upon his entry in the ADC for a term of imprisonment beginning in December 2004. (Doc. No. 96 at 2, ¶ 8; Doc. No. 96-2 at 30:10-30:12.) Plaintiff was released in August 2015, but did not seek treatment for his disease because his insurance would not cover the cost. (Doc. No. 96 at 2, ¶ 9; Doc. No. 96-2 at 32:7-34:12.) Plaintiff reentered the ADC on October 26, 2016. (Doc. No. 96-2 at 34:13-34:15.) Plaintiff has been receiving antiviral medication since March 5, 2021, and Plaintiff agrees his viral load will likely be zero with antiviral medication. (Doc. No. 96-3 at 4; Doc. No. 96-2 at 46:4-46:17.) The issue, then, is the care Plaintiff received between October 26, 2016 and March 3, 2021. When a prisoner complains of a delay in medical care, he must establish that he suffered some detrimental effect as a result of the delay. *Jackson v. Riebold*, 815 F.3d 1114, 1119-20 (8th Cir. 2016). To do so, the inmate must place into the record verifying medical evidence that shows the detrimental effect. (*Id.*)

The ADC (through its contract medical care provider, Wellpath LLC) uses a Hepatitis C Treatment Committee to monitor and treat patients diagnosed with Hepatitis. (Doc. No. 96 at 2, ¶ 12.) The Committee considers the following factors in determining how to treat an inmate's Hepatitis: albumin levels; liver enzymes (ALT and AST), platelet count, PT/INR values (which show clotting ability), prior liver biopsy history, the presence of esophageal variances, fibrosure values and other clinical factors. (*Id.* at 2-3, ¶ 15.) A patient's liver function tests may be abnormal as a result of drug and alcohol use. (*Id.* at 3, ¶ 16.) Plaintiff had a history of methamphetamine use. (*Id.* at 2, ¶ 11.)

Plaintiff's Hepatitis was followed in the chronic care clinic by Defendant Jones, and others, who physically examined Plaintiff every 90 days and took labs to assess liver function. (*Id.* at 3, ¶¶ 19-20.) For some time, Plaintiff's relevant lab values, which include values for albumin, liver

5

enzymes, platelet count and PT/INR, indicated that Plaintiff's values were below the treatment threshold for Hepatitis C in the view of the Hepatitis C Treatment Committee. (*Id*. at 3, ¶ 21.) There is no change in the efficacy of antiviral medication used to treat Hepatitis C over time. (Doc. No. 96 at 4, ¶ 24.)  As such, medical monitoring by taking periodic lab values is appropriate medical care. (*Id*. at 4, ¶ 25.)

Plaintiff had a "normal [ultrasound] exam" on November 20, 2020. (*Id*. at 4, ¶ 27.)  Over time and after progressive clinical testing, the Hepatitis C Committee recommended Plaintiff be treated with Mavyret, an antiviral medication, and requested a consultation with an outside consultant, Dr. Kennedy. (*Id*. at 4, ¶¶ 28-29.)  Dr. Kennedy also recommended Plaintiff be treated with Mavyret, and that treatment began on March 5, 2021. (*Id*. at 4, ¶ 30.)

Dr. Chris Horan is employed by Wellpath, LLC, the medical care provider for inmates housed in various units of the ADC. (Doc. No. 96-3 at 1.)  In Dr. Chris Horan's medical opinion, there was no clinically significant delay in the care and treatment of Plaintiff's Hepatitis C. (*Id*. at 4.) Plaintiff did not suffer any adverse effect on his prognosis as a result of the medical monitoring and treatment he received. (*Id*.)  Plaintiff's prognosis is good and he is likely to obtain a sustained virologic response as a result of the care he has been provided. (*Id*.)

Plaintiff has submitted no medical evidence establishing the detrimental effect of the delay in his treatment with antiviral drugs.  As mentioned above, for Plaintiff to establish harm from a delay in treatment, he was required to do so. *Jackson*, 815 F.3d at 1119-20.

At this stage, Plaintiff was required to meet proof with proof.  To survive summary judgment, Plaintiff's allegations must be supported by evidence creating a genuine issue of material fact. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); *Bolderson v. City of Wentzville, Missouri*, 840

F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Plaintiff, however, has failed to provide any evidence and relies on his self-serving statements; he has not established any harm. Accordingly, summary judgment will be entered in Defendant Mixon's favor.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 95) be GRANTED.

2. Plaintiff's claims against Defendants Stieve and Jones be DISMISSED with prejudice.

3. This case be DISMISSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 12th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE